UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH A. NICKLES-BURKHOLDER, | ) | Case No.: 5:11 CV 848 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSION OF SOCIAL SECURITY, | ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to Plaintiff, Sarah A. Nickles-Burkholder ("Plaintiff"), in the above-captioned case. Plaintiff asserted that she was disabled and unable to work due to a loss of sensation in her left leg secondary to back pain. Plaintiff sought judicial review of the Commissioner's decision and this court referred the case to Magistrate Judge Nancy A. Vecchiarelli for preparation of a report and recommendation. Both parties submitted briefs on the merits. Plaintiff sought an order reversing the Administrative Law Judge's ("ALJ") decision or in the alternative, a remanding of the case for further proceedings. Plaintiff argued that the ALJ erred by giving inadequate weight to her treating physician's opinion, not following the district court's remand order in Case No. 5:07 CV 1542, failing to accept the vocational expert's opinion to the hypothetical question incorporating the treating physician's residual functional capacity assessment, and finding Plaintiff not fully credible.[1]

---

[1] This is Plaintiff's second appeal to this court. Plaintiff made her first appeal in May of 2007, which resulted in a remand for further proceedings. *See Nickles v. Astrue*, Case No. 5:07 CV 1542. On remand, the Commissioner assigned a new ALJ, who accepted additional evidence and held a new hearing, and subsequently determined that Plaintiff was not disabled. The instant appeal arises from the second hearing.

On April 9, 2012, Magistrate Judge Vecchiarelli submitted her Report and Recommendation ("R&R"), recommending that the Commissioner's final decision be affirmed. (ECF No. 19) On April 23, 2012, Plaintiff submitted objections to the R&R. (ECF No. 20.) The court finds that, after *de novo* review of the R&R and all other relevant documents, including the objections, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. The court adopts the thorough and well-reasoned opinion of the Magistrate Judge. The Magistrate Judge's conclusion that the ALJ did not err in failing to give greater weight to the opinion of the treating physician, Dr. Winer, over that of the other physicians is well supported because Dr. Winer's opinion was not based on sufficient medical data and contradicted by other evidence in the record. This court agrees with the Magistrate Judge's determination that though there were some factual errors in the ALJ's recitation of the facts, they were not such as to bar the ALJ's conclusion that there was substantial evidence that Plaintiff was not disabled. The court finds that the Magistrate Judge's conclusion, that the ALJ's credibility determination regarding the amount of pain suffered by Plaintiff was supported by substantial evidence, is well-taken. Finally, the court finds that the R&R does not contradict the remand order and that there is no error for refusing to accept the vocational expert's opinion based on Dr. Winer's residual functional capacity assessment, in light of the court's previous determination that the ALJ was justified in not giving the treating physician's opinion controlling weight. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation that the decision of the ALJ was supported by substantial evidence. (ECF No. 19.)

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 30, 2012